**ORIGINAL**

# In the United States Court of Federal Claims
No. 15-598C
(Filed: July 21, 2015)

**FILED**

**JUL 21 2015**

**U.S. COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CHELSEA L. DAVIS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>　　　　　　Defendant. | *Pro Se*; Rule 41(b); Involuntary Dismissal |

Chelsea L. Davis, Dallas, Texas, Plaintiff *pro se*.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## DISMISSAL ORDER

*Pro se* plaintiff, Chelsea L. Davis, brought this action asserting state and common law claims for conversion and unjust enrichment and seeking unspecified monetary damages, in connection with a challenge to the suspension of her law license in the State of Texas. For the reasons set forth below, the Court **DISMISSES** plaintiff's complaint for failure to comply with a Court Order.

On June 16, 2015, plaintiff[1] filed this action, asserting state law claims for conversion and unjust enrichment against the United States. Compl. at 3. Plaintiff also requests that this Court act "sua sponte to expunge and void all matters, actions, and proceedings alleged to have been brought against me, under the State Bar Act, Texas rules of disciplinary procedure, Internal Procedural Rules of the Board of Disciplinary appeals or other rule. . ." Compl. at 8. In

---

[1] Plaintiff is an attorney who has practiced law in the State of Texas. *See generally*, Compl. On May 13, 2015, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas entered a Judgment of Indefinite Disability Suspension, suspending plaintiff's law license. *See In the Matter of Chelsea L. Davis,* Case No. 54202, (Board of Disciplinary Appeals, Judgment of Indefinite Disability Suspension, filed May 13, 2015).

addition, plaintiff appears to seek to transfer a criminal matter to this Court and to challenge the constitutionality of the Judiciary Act. Compl. at 4, 6-7.

When plaintiff filed her complaint, she failed to comply with several of the Rules of this Court regarding the filing of pleadings. Specifically, plaintiff's complaint has not been properly captioned or signed, and the compliant was not accompanied by either the required filing fee or an application to proceed without prepayment of fees. Consequently, on June 16, 2015, the Court entered an Order instructing plaintiff to cure these defects by July 15, 2015. *See* Order, June 16, 2015. The Court's Order also stated that, should plaintiff fail to cure the defects by that date, the Court would dismiss her complaint. *Id.*

Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC") provides in pertinent part that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion . . . . Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication of the merits.

RCFC 41(b). Plaintiff has not corrected the defects in her complaint, nor has plaintiff submitted the required filing fee or motion to waive the filing fee, as required by the Court's June 16, 2015 Order. Because plaintiff has failed to comply with the Court's Order, the Court dismisses her complaint pursuant to RCFC 41(b).

For the foregoing reasons, the Court **DISMISSES** plaintiff's complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint. No costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge